NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0120n.06

No. 19-1584

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 25, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| KELLY REINARTZ, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before: MOORE, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Kelly Reinartz appeals the district court's decision to affirm the denial of her application for social-security disability benefits. We affirm.

Reinartz previously worked as a cashier, a manufacturing planner, and a manufacturing manager. She stopped working after giving birth in 2013. In early 2014, she underwent heart surgery for complications related to her pregnancy. Later that year, she applied for disability insurance benefits, alleging that she could not work because her heart surgery had left her with a brain injury, chronic muscle spasms, depression, and anxiety. After a hearing, an ALJ determined that Reinartz had "moderate limitation[s] in concentration, persistence, or maintaining pace[,]" but that she could still perform light work and therefore was not disabled. The Appeals Council denied review of the ALJ's decision. Reinartz then sought review in federal court, and a magistrate judge affirmed the ALJ's decision. This appeal followed.

We review only whether the ALJ applied the correct legal standards and reached a conclusion supported by substantial evidence. 42 U.S.C. § 405(g); *see Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).

Reinartz argues that the ALJ exceeded his authority when he determined that Reinartz's depression and anxiety left her able to perform only "simple, routine and repetitive tasks." R. 8-2 at Page ID 42. She contends that an ALJ may not make a work-capacity finding without a medical opinion that reaches the same conclusion. The effect of a claimant's conditions on her ability to work, however, is a determination expressly reserved for the ALJ. *See* 20 C.F.R. § 404.1527(d)(2); *see also* Social Security Ruling 96-5P, 1996 WL 374183, *5 (July 2, 1996). Thus, the premise of Reinartz's argument—that the ALJ lacked the capacity to make this determination—is wrong.

Reinartz also argues that the ALJ failed to base his findings on the record and instead made "independent findings" about Reinartz's ability to work. Reinartz Br. at 54. An ALJ must consider "all the relevant evidence in the record"—medical and non-medical alike—to determine a claimant's work capacity. 20 C.F.R. § 404.1545(a)(1); *see Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Here, the ALJ considered the opinion of Reinartz's primary-care provider, Dr. John Lawlor, who wrote that Reinartz had "significant anxiety along with difficulties with memory and processing . . . that make it difficult for her to function in a work environment because of difficulties with fine motor skills and coordination and thought process." R. 8-18 at Page ID 1839. But Lawlor had primarily treated Reinartz's physical ailments—not her depression or anxiety—so the ALJ gave less weight to Lawlor's opinion on Reinartz's mental ailments. *See* 20 C.F.R. § 404.1527(c). And in any event, the ALJ accounted for Lawlor's opinion by stating

that Reinartz's capacity for work was limited to "simple, routine and repetitive tasks." Likewise, the ALJ considered the opinion of Reinartz's psychologist, Dr. Candace Ross, who attributed Reinartz's anxiety and depression to the challenges of "adjusting to permanent impairment, becoming a mother[,] and not being able to return to the work she found meaningful, fulfilling and a valuable source of income." R. 8-18 at Page ID 1846. The ALJ ultimately considered these medical opinions in light of how Reinartz described her daily life, in which "[s]he [was] able to attend to her personal care independently, prepare meals, help her child with homework, perform household chores, drive a car, manage finances[,] and shop in stores." Although Reinartz disagrees with the ALJ's findings, the record here shows that the ALJ considered "all the relevant evidence" in her case. *See* 20 C.F.R. § 404.1545(a)(1).

Reinartz finally argues that the ALJ's hypothetical question to a vocational expert inaccurately described her impairments, and thus, according to Reinartz, the ALJ lacked substantial evidence to conclude that she had the "vocational qualifications to perform specific jobs." 20 C.F.R. § 404.1520. Specifically, Reinartz says that the ALJ's question—whether there were jobs available for someone who could "comprehend, retain, and execute simple, routine and repetitive tasks"—failed to incorporate the ALJ's earlier finding that Reinartz had a "moderate limitation in concentration, persistence, or maintaining pace[.]" But as long as a hypothetical question "accurately portray[s] [a claimant's] individual physical and mental impairments," a vocational expert's response to that question constitutes substantial evidence. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512–13 (6th Cir. 2010). Here, the ALJ's hypothetical question accounted for Reinartz's specific limitations—"confusion, memory problems, difficulty focusing, and issues following multi-step commands"—so the vocational expert's affirmative response constituted

substantial evidence that there were jobs that Reinartz could perform.  R. 8-2 at Page ID 38; *see Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

      The district court's judgment is affirmed.